IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FEAMSTER, ROBERT MIHALIC, and EARL JEANSONNE, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> CompuCom SYSTEMS, Inc., <br><br> Defendant. | § § § § § § § § § § § § | Civil Action No. 7:15-cv-00564 |

## COMPUCOM SYSTEMS, INC.'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant CompuCom Systems, Inc. ("**Defendant**" or "**CompuCom**") files this Brief in Support of its Motion to Dismiss Plaintiffs' Collective and Class Action Complaint or, in the alternative, Motion for Summary Judgment. In support of the Motion, CompuCom would respectfully show this Court as follows:

### INTRODUCTION

Plaintiffs Christopher Feamster, Robert Mihalic and Earl Jeansonne ("**Plaintiffs**") bring a collective and class action lawsuit against CompuCom claiming violations of the federal Fair Labor Standards Act ("**FLSA**") and state contract law. The suit alleges that CompuCom failed to compensate the named Plaintiffs—and other CompuCom employees called 'Field Service Technicians'—for certain administrative tasks performed by them from home, and for time spent commuting to their first work assignment of the day and to home from their last assignment of the day. Importantly, Plaintiffs' lawsuit suffers from a fatal defect—each of the named Plaintiffs

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment  Page 1

Case 7:15-cv-00564-GEC  Document 32  Filed 12/07/15  Page 1 of 17  Pageid#: 252

expressly waived his right to bring or otherwise participate in any class or collective action litigation against CompuCom.

The agreement executed by each of the named Plaintiffs contains the following the waiver provision:

> **To the maximum extent permitted by law, I waive any right or ability to be a class or collective action representative or to otherwise bring or participate in any putative or certified class, collective or multi-party action or proceeding based on any claim to which I am or CompuCom is a party.**

The clear import of this language is that Plaintiffs are precluded by operation of law from participating in this action and serving as class representatives.

Plaintiffs also assert a tag-along Rule 23 Class Action claim based on CompuCom's alleged failure to pay prospective class members for all time worked less than 40 hours in a week (i.e., pure "gap time" claims). Plaintiffs' Rule 23 claims fail as a matter of law because: 1) individualized monetary claims for gap time compensation cannot be certified under Rule 23(b)(2); and 2) Plaintiffs have failed to plead a viable cause of action for breach of contract under either Virginia or Texas law.

For the foregoing reasons, Plaintiffs' collective and class action Complaint is fatally defective and should be dismissed. Further, the Court should immediately enter an Order stating that Plaintiffs' claims may not proceed as a collective or class action.

## BACKGROUND

### A.  Nature of CompuCom's Business.

CompuCom is an industry-leading IT services company that provides its clients with a broad array of technology solutions. These services include cloud technology, housed data centers, software management, and a suite of networking and hosting options. Additionally,

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment      Page 2

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 2 of 17   Pageid#: 253

CompuCom provides on-site, 'hands on' technical support to clients through the efforts of thousands of technicians. CompuCom is headquartered in Dallas, Texas.

CompuCom employs certain individuals as Field Service Technicians ("**FST**") who perform on-site service, maintenance, technical support, repair and/or installation duties for its customers.[1] The named Plaintiffs in this action were once, or are still, employed as Field Service Technicians by CompuCom.

### B. Plaintiffs' Employment With CompuCom.

#### 1. Christopher Feamster.

Plaintiff Christopher Feamster, a Virginia resident, was initially hired on April 24, 2014 as a contract employee by a CompuCom division, CompuCom IT Workforce Solutions. Feamster executed an Offer Letter and Confidentiality/Non-Solicitation Agreement prior to accepting this position.[2] Feamster was subsequently converted to a full-time employee of CompuCom in October 2014. Feamster executed a Confidentiality/Non-Solicitation Agreement with CompuCom before beginning work as a full time FST for CompuCom.[3] Feamster continued to work for CompuCom as an FST until June 5, 2015.[4]

#### 2. Robert Mihalic.

Plaintiff Robert Mihalic, a resident of Tennessee, was hired by CompuCom to serve as a full-time FST in 2013 and worked in that capacity until he resigned in May 2015.[5] Mihalic

---

[1] Plaintiffs' Collective and Class Action Complaint and Jury Demand ("Complaint") at ¶ 5.
[2] See Ex. 1 to the Affidavit of Kirsten Cannefax attached hereto as Exhibit A.
[3] See Ex. 2 to the Affidavit of Elizabeth Rockett attached hereto as Exhibit B.
[4] Complaint at ¶ 22.
[5] Complaint at ¶ 23.

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 3

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 3 of 17   Pageid#: 254

executed a Confidentiality/Non-Solicitation Agreement with CompuCom before beginning his employment.[6]

### 3. Earl Jeansonne.

Plaintiff Earl Jeansonne, who resides in Louisiana, was initially hired by CompuCom IT Workforce Solutions to serve as a contract employee on May 7, 2014. Jeansonne executed an Offer Letter and Confidentiality/Non-Solicitation Agreement prior to accepting this position.[7] Jeansonne was subsequently converted to a full-time employee of CompuCom in October 2014. Jeansonne executed a Confidentiality/Non-Solicitation Agreement with CompuCom before beginning work as a full time FST for CompuCom.[8] Jeansonne remains employed with CompuCom to this day.[9]

### C. Plaintiffs Signed Agreements Expressly Waiving Their Right to Participate in Class and Collective Action Litigation.

As a condition of their employment with CompuCom, each of the Plaintiffs was required to review and execute a Confidentiality/Non-Solicitation Agreement (the "**Agreement**"). The Agreements, which are identical, are slightly longer than four pages in length. Section 10 of each Agreement appears is titled, "**Miscellaneous Waivers.**" The section contains two brief paragraphs:

> a. I agree that, to the maximum extent permitted by law, any statute of limitations or repose relevant to any claim I may initiate against CompuCom, and/or its subsidiaries or affiliates (and/or their managers or employees) shall be reduced and limited to six (6) months.
>
> b. To the maximum extent permitted by law, I waive any right or ability to be a class or collective action representative or to otherwise bring or participate in any

---

[6] See Ex. 1 to the Affidavit of Elizabeth Rockett attached hereto as Exhibit B.
[7] See Ex. 2 to the Affidavit of Kirsten Cannefax attached hereto as Exhibit A.
[8] See Ex. 3 to the Affidavit of Elizabeth Rocket attached hereto as Exhibit B.
[9] Complaint at ¶ 24.

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 4

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 4 of 17   Pageid#: 255

putative or certified class, collective or multi-party action or proceeding based on any claim to which I am or CompuCom is a party.[10]

Plaintiff Feamster electronically signed and executed his Agreement at 4:00 p.m. on September 24, 2014,[11] and Plaintiff Mihalic electronically signed and executed his Agreement at 8:36 a.m. on October 29, 2013,[12] Finally, Plaintiff Jeansonne digitally signed and executed his Agreement at 9:23 a.m. on September 24, 2014.[13]

Importantly, the actions referenced above were not the first time that two of the three named Plaintiffs executed class action waivers at or before the time they began working for CompuCom. As noted above, both Feamster and Jeansonne began working for CompuCom as contract employees hired directly by CompuCom's division ITWS. As a condition to accepting those contract positions, both Feamster and Jeansonne agreed to execute an ITWS Confidentiality and Non-Solicitation Agreement (the "**ITWS Agreement**"). The ITWS Agreement also contained a class and collective action waiver section identical to the one referenced above.[14] Feamster digitally signed his ITWS Agreement on April 17, 2014,[15] while Plaintiff Jeansonne received and digitally signed his ITWS Agreement on May 1, 2014.[16]

### D. Plaintiffs File Their Class Action Complaint and Motion For Certification

Despite the fact that the named-Plaintiffs executed multiple agreements in which they waived their right to participate in a class or collective action or serve as representative of a class of plaintiffs against CompuCom, on October 20, 2015, Plaintiffs filed and served their Complaint

---

[10] The Agreements for Messrs. Feamster, Mihalic and Jeansonne are attached as Exhs. 1 and 2 to the Cannefax Affidavit (Exhibit A), and Exhs. 1-3 to the Rockett Affidavit (Exhibit B).
[11] Rockett Affidavit, Ex. 2 at p.5.
[12] Rockett Affidavit, Ex. 1 at p. 5.
[13] Rockett Affidavit, Ex. 3 at p. 5.
[14] Compare Cannefax Affidavit, Exhs. 1 and 2, Section 10 and Rockett Affidavit, Exhs. 1-3, Section 10.
[15] Cannefax Affidavit, Ex. 1 Section10.
[16] Cannefax Affidavit, Ex. 1, Section 10

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 5

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 5 of 17   Pageid#: 256

in this matter. The Complaint generally alleges that CompuCom violated the FLSA and state contract law by failing to compensate Plaintiffs for certain hours worked. In addition, the Complaint contains Collective Action Allegations and requests the Court define the Class of similarly-situated employees in this case as "all individuals who were employed by CompuCom Systems, Inc., in the on-site Field Service Technician or equivalent position during the past three years."[17] The Complaint also purports to bring the lawsuit as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3).[18] On the same day that Plaintiffs filed the Complaint, they filed and served a Pre-Discovery Motion for Conditional Class Certification.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Stated another way, a complaint's factual allegations must produce an inference of liability strong enough to "nudge the plaintiff's claims across the line from conceivable to plausible." *Id.* (citations omitted).

CompuCom's motion is primarily based upon the execution by each of the Plaintiffs of the Agreements containing the waiver provisions that prove fatal to their class and collective claims. Plaintiffs did not attach the Agreements to the Complaint, nor did they even acknowledge their existence. But CompuCom has brought the Agreements to the Court's attention in this Motion; thus, the dispositive issue of whether Plaintiffs' have waived their right

---

[17] Complaint at ¶ 51.
[18] *Id.* at ¶ 53.

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 6

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 6 of 17   Pageid#: 257

to participate in a class or collective action against CompuCom is now before the Court. Rule 12(b) expressly contemplates circumstances such as these where matters outside of the pleadings can be dispositive of some or all of a case. The Rule provides that when matters outside the pleadings are presented in a Rule 12(b)(6) motion and not excluded by the court, the Rule 12(b)(6) motion should be treated as one for summary judgment and disposed of as provided in accordance with Rule 56. Fed.R.Civ.P. 12(b).[19]

Finally, courts may consider dispositive motions prior to addressing the question of class certification. *White v. Bank of America, N.A.*, 2012 WL 1067657 (D.Md. Mar. 27, 2012) (stating "there is nothing explicit in Rule 23 that requires a determination on class certification prior to decisions on other motions."). Often, "an early decision on the merits may protect both parties and the court from needless expenditure of both time and money." *White*, 2012 WL 1067657 at * 4 (citing *Kim v. Commandant, Defense Language Inst.*, 772 F.2d 521, 524 (9th Cir.1985)).

## ARGUMENT

**A.  The Complaint Must Be Dismissed Because Each Named-Plaintiff Expressly Waived the Right to Participate in Class or Collective Action Litigation Against CompuCom.**

CompuCom respectfully submits that the Court should dismiss the Complaint because each Plaintiff expressly agreed to "waive any right or ability to be a class or collective action representative or to … participate in any putative or certified class, collective or multi-party

---

[19] Summary judgment is appropriate when a party who will bear the burden at trial fails to make a showing sufficient to establish an essential element of the case, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), such that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c).

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 7

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 7 of 17   Pageid#: 258

action or proceeding ... to which [they] or CompuCom is a party."[20] These waivers are lawful and binding.

The Fourth Circuit—along with numerous other federal courts—has clearly and repeatedly held that class action waivers of the kind seen here are valid and enforceable. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (in attempted FLSA class action, court upheld contractual provision barring participation in class actions and compelling arbitration, dismissing case); *Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 638 (4th Cir. 2002); *see also Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 176 (4th Cir. 2013) (in putative FLSA class action, defendant moved to dismiss or, in the alternative, compel arbitration pursuant to class-action waiver; the Court of Appeals held the waiver valid and ordered arbitration); *Walthour v. Chipio Windshield Repair*, LLC, 745 F.3d 1326, 1335 (11th Cir. 2014) (dismissing FLSA collective-action complaint and compelling arbitration, pursuant to class-action waiver); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052-53 (8th Cir. 2013) (in putative FLSA collective action, the Court of Appeals held class-action waiver valid and ordered the matter to arbitration). Indeed, "simply because judicial remedies are part of law does not mean that Congress meant to preclude parties from bargaining around their availability." *Adkins*, 303 F.3d at 503. Notably, these decisions are consistent with recent rulings by the Supreme Court upholding the viability and enforceability of class action waivers. *See, e.g., American Express Co. v. Italian Colors Restaurant*, 133 S.Ct. 2304 (2013) (upholding class action waiver in arbitration agreement in claim of federal antitrust violation).[21]

---

[20] Exhs. 1 and 2 to the Cannefax Affidavit (Exhibit A), and Exhs. 1-3 to the Rockett Affidavit (Exhibit B), Section 10, ¶ b.

[21] *See also AT&T Mobility v. Concepcion*, 131 U.S. 1740 (2011). Notably, the Fourth Circuit has specifically commented on the *Concepcion* ruling when overturning a lower-court decision that held a class-action waiver to be unconscionable. In *Muriithi*, the court stated that the Supreme

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 8

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 8 of 17   Pageid#: 259

The Fourth Circuit's decision in *Adkins* is particularly instructive. There, the plaintiff brought an FLSA collective action suit, which included the submission of sixty-three consent forms from current and former employees of the defendant. *Adkins*, 303 F.3d at 499. As a condition of his employment, the plaintiff in *Adkins* was required to sign an agreement which contained a mandatory arbitration provision and effectively rendered him unable to bring a collective action, as his claims were required to be resolved only through arbitration. *Id*. In upholding the legality and enforceability of the clause, the *Adkins* court noted the plaintiff could "[point] to no suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a nonwaivable right to a class action under that statute." *Id*. at 503.

Numerous other federal courts have upheld this reasoning and recognized that class-action waivers are valid and enforceable in the specific context of FLSA lawsuits. Recently, the Eleventh Circuit analyzed the specific language of the FLSA in light of current Supreme Court decisions upholding class-action waivers, concluding that "based on those Supreme Court decisions read together … the text of the FLSA [] does not set forth a non-waivable substantive right to a collective action[.]" *Walthour*, 745 F.3d at 1335 (11th Cir. 2014) (dismissing FLSA collective-action complaint and compelling arbitration, pursuant to class-action waiver). The Eight Circuit has held similarly in examining the FLSA, noting that "[e]ven assuming Congress intended to create some 'right' to class actions, if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as

---

Court's *Concepcion* ruling "**requires reversal of the district court's holding that the class action waiver was an unconscionable contract provision.**" *Muriithi*, 712 F.3d at 176 (emphasis added).

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 9

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 9 of 17   Pageid#: 260

well." *Owen*, 702 F.3d at 1052-53 (in putative FLSA collective action, the Court of Appeals held class-action waiver valid and ordered the matter to arbitration).[22]

Here, each Plaintiff named in the Complaint has signed and executed an Agreement which expressly waives his right to participate in a collective or class action lawsuit. Indeed, two of the named-Plaintiffs— Feamster and Jeansonne— signed the waiver **twice**. These waivers are binding and lawful. In each instance the Agreements were executed by the Plaintiffs well in advance of their employment start date allowing several days for each of them to reconsider and rescind their waiver agreement, but none of them did so. The Agreements are written in easy to read typeface font, and the waiver provisions are contained in a stand-alone paragraph within the body of the Agreement. There is no legitimate reason that Plaintiffs should be allowed to disavow the lawfully executed Agreements that merely waive a procedural not substantive legal right.

Notably, the Agreements at issue in this case are actually **less onerous** than those in *Adkins* and similar cases. In those cases, the waiver compelled the putative plaintiffs to address any and all claims against their employers in arbitration. *See, e.g.*, *Adkins*, 303 F.3d at 499. Here, unlike in *Adkins*, nothing in the Plaintiffs' Agreements cuts off their access to the judicial system in addressing and litigating their claims. Rather, the waiver simply provides, without further procedural restrictions, that Plaintiffs themselves may not participate in a class or collective action lawsuit. Consequently, because Plaintiffs have executed a lawful and binding

---

[22] As stated above, CompuCom is headquartered in Dallas, Texas. While the Agreements do not contain a choice of law provision, the waivers are valid regardless of the locus of their interpretation. Indeed, the Fifth Circuit has also held that class action waivers are valid. *E.g.*, *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294 (5th Cir. 2004) (in FLSA action, applying Texas law, and stating **"we reject [plaintiffs'] claim that their inability to proceed collectively deprives them of their substantive rights under the FLSA."**) (emphasis added). Accordingly, even if Texas law applies, the waivers are valid and binding.

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 10

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 10 of 17   Pageid#: 261

Agreement with CompuCom agreeing not to participate in collective or class action litigation, they cannot serve as class representatives in this matter. As such, the Complaint cannot stand and must be dismissed.[23]

## B. Plaintiffs Cannot Satisfy the Requirements of Rule 23 to Maintain their Class Action Claim for Gap Time Compensation.

### 1. Rule 23(b)(2) does not authorize a class action when the plaintiffs seek to recover individualized damages.

In the Complaint, Plaintiffs seek to recover damages consisting of the unpaid time worked at the individual hourly rate of each Plaintiff (and opt-in member). It is clear under existing precedent, however, that individualized monetary claims for gap time compensation cannot be certified under Rule 23(b)(2). *Wal-Mart Stores, Inc. v Dukes*, 131 S. Ct. 2541, 2557 (2011) (Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."). A determination of whether a CompuCom FST was required to perform unpaid work, and how much unpaid work an individual FST performed, necessarily depends on individualized circumstances and requires an

---

[23]Individual standing is a prerequisite for all actions, including class actions. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Sierra Club v. Morton*, 405 U.S. 727 (1972); *Fallick v. Nationwide Mutual Insurance Company*, 162 F.3d 410 (6th Cir. 1998). "A court must assess standing to sue based upon the standing of the named plaintiff and not upon the standing of unidentified class members." *Adair v. Sorenson*, 134 F.R.D. 13, 16 (D Mass. 1991), *citing Warth v. Seldin*, 422 U.S. 490, 502, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). To have standing to sue as a class representative, it is essential that a named plaintiff be a member of the class and "possess the same interest and suffer the same injury shared by all members of the class" represented. *East Tex. Motor Freight Sys. Inc. v. Rodriquez*, 431 U.S. 395, 403 (1977); *Schlesinger v Reservist Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct 2925, 41 L.Ed 2d 706 (1974); *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). It is also well settled that the named class representative must be a member of the class at the time the class is certified. *East Texas Motor Freight System v Rodriquez* 431 U.S. 395, 975 S.Ct 1891, 52 L.Ed 2d 453 (1977); *Sosna v Iowa*, 419 U.S. 393, 95 S.Ct 553, 42 L.Ed 2d 532 (1975); *Clay v Miller*, 626 F.2d 345 (4th Cir. 1980). *See Kent-Chojnicki v. Runyon*, 180 F.R. D. 237 (WDNY 1998).

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment   Page 11

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 11 of 17   Pageid#: 262

individualized inquiry. Thus, Plaintiffs' breach of contract claim for gap time compensation cannot proceed as a class action under Rule 23(b)(2).

### 2. Plaintiffs' contract claim fails as a matter of law.

Plaintiffs also seek certification of their breach of contract claim under Rule 23(b)(3). However, before even considering whether the Plaintiffs' claim should or should not be certified as a nationwide class action pursuant to Rule 23(b)(3), the Court should first examine whether Plaintiffs have properly pleaded a cause of action for breach of contract. In this case, Plaintiffs have failed to do so, thus alleviating the Court of the obligation to engage in the analysis required by Rule 23(b)(3).

Under Virginia law, a viable breach of contract claim has three elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F.Supp.3d 506 (E.D.Va. 2014). Under Texas law to prove an enforceable contract requires: (1) an offer, (2) an acceptance, (3) mutual assent, (4) execution and delivery of the contract with the intent that it be mutual and binding, and (5) consideration supporting the contract. *Baylor Univ. v. Sonnichsen*, 221 S.W.2d 632, 635 (Tex. 2007). In order to prevail on a breach of contract claim under Texas law, a plaintiff must establish: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Bridgmon Icus v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir.2003). Formulaic and conclusory allegations of breach of contract are insufficient to withstand scrutiny under Rule 12(b)(6). *Bell Atl. V. Twombly*, 550 U.S. 544, 555 (2007). Yet, here, the Plaintiffs' Complaint only contains formulaic and conclusory allegations.

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment  Page 12

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 12 of 17   Pageid#: 263

Plaintiffs assert that "the law of contracts is substantially the same throughout the United States."[24] However, Plaintiffs do not allege what the contract in question is, what its terms are, how and when it was created, and how and when it was breached. In fact, the only specific allegation contained in the Complaint pertaining to the claim is a description of what the contracts are ***not***—the "contracts and contractual obligations in question are not employment contracts in that they do not relate to or guarantee any services will be performed in the future."[25]

Based on the foregoing, it is clear that the allegations contained in the Complaint cannot, as a matter of law, support a cause of action for breach of contract by the named-Plaintiffs against CompuCom in their individual capacity, or as a class action under Rule 23. The allegations set forth in the Complaint are merely conclusory, formulaic allegations of a claim for a breach of an unidentified contract that allegedly exists under the laws of all 50 states. Such conclusory allegations are insufficient to nudge Plaintiffs' claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). Only a complaint that states a plausible claim for relief can survive a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs' nebulous claim for breach of contract fails this standard. Therefore, Plaintiffs' claim for breach of contract should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, CompuCom respectfully requests that this Court enter an order (i) dismissing Plaintiffs' Complaint; (ii) determining that Plaintiffs' Class and Collective Action claims may not proceed, or (iii) in the alternative, granting CompuCom summary judgment on

---

[24] Complaint at ¶ 86.
[25] Complaint at ¶ 84.

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment   Page 13

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 13 of 17   Pageid#: 264

the grounds that the named Plaintiffs have expressly waived their right to participate in a class or collective action lawsuit against CompuCom, and (iv) for such other and further relief to which CompuCom may show itself to be entitled.

Dated: December 7, 2015

Respectfully submitted,

**COMPUCOM SYSTEMS, INC.**
**A Texas Corporation**

*/s/ King F. Tower*
King F. Tower
Virginia Bar No. 38767
Carrie M. Harris
Virginia Bar No. 76817
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 90
Roanoke, Virginia 24002-0090
Telephone: 540.512-1800
Facsimile: 540.342.4480
ktower@spilmanlaw.com

Stephen E. Fox (*pending pro hac vice admission*)
Texas Bar No. 07337260
Jonathan E. Clark (*pending pro hac vice admission*)
Texas Bar No. 24069515
Bob Garrey (*pending pro hac vice admission*)
Texas Bar No. 07703420
POLSINELLI PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: 214.397.0030
Facsimile: 214.397.0033
sfox@polsinelli.com
jclark@polsinelli.com
bgarrey@polsinelli.com

Teeka Harrison (*pending pro hac vice admission*)
Georgia Bar No. 543115
Polsinelli PC
1355 Peachtree Street, N.E. Suite 500
Atlanta, GA 30309
Telephone: 404.253.6000
Facsimile: 404.253-6060

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment    Page 14

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 14 of 17   Pageid#: 265

tharrison@polsinelli.com

*Attorneys for Defendant,*
*CompuCom Systems, Inc.*

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment   Page 15

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 15 of 17   Pageid#: 266

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| CHRISTOPHER FEAMSTER, )<br>ROBERT MIHALIC, and )<br>EARL JEANSONNE, )<br>Individually and on behalf of all similarly )<br>situated indivuals, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>COMPUCOM SYSTEMS, INC. )<br>a Texas Corporation, )<br> )<br>Defendant. ) | Civil Action No. 7:15-cv-000564 |

## CERTIFICATE OF SERVICE

I, King F. Tower, counsel for defendants herein, do hereby certify that on December 7, 2015, I electronically filed the foregoing **COMPUCOM SYSTEMS, INC.'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Richard James Serpe, Esquire
Cindra Myers Dowd, Esquire
Law Offices of Richard J. Serpe, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
*Counsel for Plaintiffs*

Jesse L. Young, Esquire
Kevin J. Stoops, Esquire
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
*Counsel for Plaintiffs*

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment       Page 16

Case 7:15-cv-00564-GEC   Document 32   Filed 12/07/15   Page 16 of 17   Pageid#: 267

Jacob R. Rusch
Johnson Becker, PLLC
33 South Sixth Street
Minneapolis, MN 55402
612-436-1800
Fax: 612-436-1801
*Counsel for Plaintiffs*

**COMPUCOM SYSTEMS, INC.**
**A Texas Corporation**

/s/ King F. Tower
King F. Tower (VA Bar No. 38767)
Spilman Thomas & Battle, PLLC
310 First Street, Suite 1100
P.O. Box 90
Roanoke, VA 24002-0090
Tel: 540.512.1800
Fax: 540.342.4480
Email: ktower@spilmanlaw.com

CompuCom Systems, Inc.'s Brief in Support of Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Summary Judgment — Page 17

Case 7:15-cv-00564-GEC Document 32 Filed 12/07/15 Page 17 of 17 Pageid#: 268