CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHRISTOPHER FEAMSTER, ROBERT )
MIHALIC, and EARL JEANSONNE, )
individually and on behalf of all similarly )
situated individuals, )
                                                    )    Civil Action No. 7:15-CV-00564
              Plaintiffs, )
                                                    )
v.                                                  )    **MEMORANDUM OPINION**
                                                   )
COMPUCOM SYSTEMS, INC.,           )    By: Hon. Glen E. Conrad
                                                  )    Chief United States District Judge
             Defendant.                 )

Plaintiffs Christopher Feamster, Robert Mihalic, and Earl Jeansonne bring this action, individually and on behalf of all similarly situated individuals, against defendant CompuCom Systems, Inc. ("CompuCom"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and state law. This matter is currently before the court on plaintiffs' motion for conditional class certification and CompuCom's motion to dismiss or, in the alternative, summary judgment, and its motion to stay. For the reasons set forth below, CompuCom's motion to stay will be granted. The court will take CompuCom's dispositive motion under advisement until the parties complete additional discovery, and the court will stay consideration of plaintiffs' motion for conditional class certification pending a ruling on the dispositive motion.

## Background

The following facts, taken from plaintiff's complaint, are accepted as true for purposes of the motions to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiffs are current and former on-site Field Service Technicians ("FSTs"). Plaintiff Christopher Feamster resides in Blacksburg, Virginia and was employed by CompuCom from

April 26, 2014 to June 5, 2015. Plaintiff Robert Mihalic resides in Knoxville, Tennessee and was employed by CompuCom from May of 2013 to May of 2015. Plaintiff Earl Jeansonne resides in Alexandria, Louisiana and has been employed by CompuCom since May of 2014.

CompuCom is a Texas corporation engaged in the business of providing computer technical services and resources to businesses. It has more than a hundred locations nationwide. CompuCom employs FSTs who perform on-site "service, maintenance, technical support, repair, and/or installation" for its customers. Am. Compl. ¶ 5. These employees are non-exempt and paid on an hourly basis.

The complaint alleges that CompuCom required its FSTs, including plaintiffs, to perform principal work activities for the company and its customers "off-the-clock" without compensation. Id. ¶ 28. These activities included, inter alia, communicating with CompuCom and its customers, providing technical support, monitoring customers' information technology ("IT") problems, and preparing reports. The tasks were typically performed by FSTs at home, both prior to their first scheduled on-site assignment and after completion of their last scheduled on-site assignment. According to the complaint, these activities were integral and indispensable to CompuCom's business and required an FST to perform them. Plaintiffs allege that CompuCom also failed to pay FSTs for the drive time that they incurred at the beginning and end of each shift. On average, plaintiffs estimate that they incurred one to one-and-a-half hours of drive time per day. In addition, plaintiffs believe that they worked no less than ten hours a week on off-the-clock activities.

Plaintiffs filed their complaint on October 20, 2015, alleging collective action claims under § 216(b) of the FLSA and individual claims under state law. As to the collective action claims, plaintiffs allege that CompuCom failed to pay overtime wages to FSTs, in violation of

2

the FLSA (Count I). As to the individual claims, plaintiffs first allege that CompuCom breached their employment contract by failing to compensate plaintiffs for their off-the-clock work (Count II). Second, plaintiffs contend that CompuCom has been unjustly enriched by receiving the benefits of plaintiffs' services without paying compensation (Count III). Plaintiffs seek declaratory relief, compensatory and liquidated damages, attorneys' fees and costs, and any other equitable relief.

On October 23, 2015, plaintiffs filed a motion for conditional class certification and notice to potential class members. Plaintiffs' defined the proposed class as, "All individuals who were employed by CompuCom Systems, Inc., in the on-site Field Services Technician position during the past three years."[1] Pl.'s Mem. of Law in Supp. of Mot. For Conditional Class Cert. at 1, Docket No. 5. On December 7, 2015, CompuCom moved to dismiss the collective action claims, arguing that plaintiffs have previously waived their right to bring and participate in any collective action litigation against CompuCom. In its motion, CompuCom argued that, in the alternative, the court should grant summary judgment on the issue of plaintiffs' waivers. The next day, CompuCom asked the court to stay its consideration of plaintiffs' motion for conditional class certification pending a ruling on its dispositive motion. The court held a hearing on the motions on January 14, 2016. The motions have been fully briefed and are ripe for disposition.

## Discussion

The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times

---

[1] Plaintiffs originally included the phrase "or equivalent position" in the proposed class definition. After CompuCom objected to this inclusion, plaintiffs agreed to remove it.

3

the regular rate at which he is employed." 29 U.S.C. § 207. An employer who violates this provision is liable for the unpaid overtime compensation, as well as liquidated damages. Id. § 216(b). In addition, an action to recover damages "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. However, an employee may not be a party plaintiff in a collective action unless he consents in writing. Id.

I. **Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment**

In the motion to dismiss or, in the alternative, summary judgment, CompuCom argues that plaintiffs waived their right to bring and participate in collective action litigation against it.

As an initial matter, the court must first determine whether it will treat CompuCom's motion to dismiss as a motion for summary judgment and consider the evidence outside of the pleadings. Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for failure to state a claim upon which relief can be granted. To survive such a motion, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All well-pleaded allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, "[a]t bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, it must contain more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

4

If the parties present, and the court does not exclude, matters outside of the pleadings, the motion to dismiss is treated as one for summary judgment. Fed. R. Civ. P. 12(d); Pueschel v. United States, 369 F.3d 345, 354 n.3 (4th Cir. 2004). Under such circumstances, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Rule 56(c) provides for summary judgment if the court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the facts and inferences to be drawn in a light most favorable to the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In this case, CompuCom attached to its motion to dismiss two affidavits, as well as three employment agreements purportedly signed by the plaintiffs. In these agreements, plaintiffs agreed to "waive any right or ability to be a class or collective action representative or to otherwise bring or participate in any putative or certified class, collective or multi-party action or proceeding based on any claim to which I am or CompuCom is a party." Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 2, Docket No. 32. Plaintiffs argue that the court should exclude such extrinsic evidence from consideration in deciding the motion to dismiss because discovery has not commenced in this case, and the parties have not explored the enforceability of these waivers. The court is constrained to disagree as to the exclusion of this evidence because the

5

court finds that the question as to the effectiveness of the collective action waivers will have substantial bearing in the court's determination of the legal sufficiency of plaintiffs' collective action claims. Therefore, the court will treat CompuCom's motion to dismiss as a motion for summary judgment. However, the court believes that, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the parties must engage in limited discovery as to the issue of enforceability of these waivers before it may rule on the motion for summary judgment.

Plaintiffs also argue that even if the waivers are valid, they are unenforceable as a matter of law. They rely on Killion v. KeHE Distributors, LLC, wherein the United States Court of Appeals for the Sixth Circuit held that "a plaintiff's right to participate in a collective action cannot normally be waived." 761 F.3d 574, 590 (6th Cir. 2014). In Killion, the Court relied on its previous holding in Boaz v. FedEx Customer Information Services, Inc., in which it ruled that "[a]n employment agreement cannot be utilized to deprive employees of their statutory [FLSA] rights." 725 F.3d 603, 606 (6th Cir. 2013) (alteration in original). In addition, the Court in Boaz found that "the Supreme Court expressed concern that an employer could circumvent the [FLSA's] requirements … by having its employees waive their rights … to minimum wages, overtime, or liquidated damages." Id. at 605-06 (citing Brooklyn Savs. Bank v. O'Neil, 324 U.S. 697, 706-10 (1945). As such, the Court in Killion found no reason to treat the right to collective action any differently than the right to sue within the full time period allowed under the FLSA, which was the issue addressed in Boaz. 761 F.3d at 591. The Court, however, noted that "the considerations change when an arbitration clause is involved" because of the countervailing federal policy in favor of arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. Id. When the employment agreement does not contain a mandatory arbitration clause, the Court

6

found "no countervailing policy that outweighs the policy articulated in the FLSA" and, thus, held that the collective action waiver was invalid. Id. at 592.

Here, the court finds more persuasive the authorities that hold that the right to collective action is waivable, even when the employment agreement does not contain a mandatory arbitration clause, and declines to follow the holding in Killion. First, the United States Supreme Court in Brooklyn Savings Bank, which the Sixth Circuit cited in Killion, found that "the legislative history of the [FLSA] shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours" and "[t]o accomplish this purpose standards of minimum wages and maximum hours were provided." 324 U.S. at 707. The Supreme Court then went on to state that "[n]o one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the [FLSA]." Id. As such, the Supreme Court held that "the same policy considerations which forbid waiver of basic minimum and overtime wages under the [FLSA] also prohibit waiver of the employee's right to liquidated damages." Id. The court believes that the holding in Brooklyn Savings Bank is narrow and applies only when employees waive their rights to the protections afforded in the FLSA, specifically the rights to overtime wages, minimum wages, and liquidated damages. As such, the court does not find the holding Brooklyn Savings Bank is instructive regarding waiver of the right to participate in collective action litigation.

Second, the court finds the analysis in Walthour v. Chipio Windshield Repair, LLC to be more helpful for purposes of the instant case. In Walthour, the Eleventh Circuit analyzed the validity of a collective action waiver in the context of an arbitration clause and found that, "[a]fter examining the FLSA's text, legislative history, [and] purposes," that there was "no contrary congressional command that precludes the enforcement of plaintiffs' ... collective

7

action waivers." 745 F.3d 1326, 1334 (11th Cir. 2014). Notably, in the arbitration agreements at issue in Walthour, the employees not only waived a judicial forum for their claims, but they also agreed to only bring their claims individually. Id. at 1328. The Court then concluded that "the FLSA contains no explicit provision precluding … waiver of the right to a collective action under § 16(b)." Id. Furthermore, the Court found that previous Supreme Court decisions, read together, show that "the text of the FLSA § 16(b) does not set forth a non-waivable substantive right to a collective action." Id. at 1335. The Court cited a case from the Eighth Circuit holding that "[e]ven assuming Congress intended to create some right to class actions, if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as well." Owen v. Bristol Care, Inc., 702 F.3d 1050, 1052-53 (8th Cir. 2013); see also Dixon v. NBCUniversal Media, LLC, 947 F. Supp. 2d 390, 404 (S.D.N.Y. 2013) ("It follows that the ability to proceed collectively is an option that an individual may waive—either by simply declining to opt in, or by agreeing to arbitration that precludes collective action."). Similarly, the Court found no evidence that "Congress intended the collective action provision to be essential to the effective vindication of the FLSA's rights." Id. Instead, the Court commented that the FLSA was meant to help employees, who lacked sufficient bargaining power, secure adequate wages. As a final note, the Eleventh Circuit observed that "all of the circuits to address this issue have concluded that § 16(b) does not provide for a non-waivable, substantive right to bring a collective action[,]" including the Fourth Circuit. Id. at 1336. Even though the employment agreements in Walthour contained arbitration clauses, the court is constrained to conclude that the Eleventh Circuit's findings as to the rights afforded in the FLSA and the validity of collective action waivers are applicable in this case, even though CompuCom's agreements lack arbitration clauses.

8

Case 7:15-cv-00564-GEC   Document 54   Filed 02/19/16   Page 8 of 12   Pageid#: 750

Finally, the court notes that in another case with facts similar to those in the instant case, the district court ruled that, although parties may not waive the right to overtime pay, the FLSA does not prohibit contractual waiver of the procedural right to join a collective action. Copello v. Boehringer Ingelheim Pharm. Inc., 812 F. Supp. 2d 886, 894 (N.D. Ill. 2011). After reaching the legal conclusion that employees may waive their right to proceed in a collective action, the Court in Copello went on to decide whether the waivers were enforceable under state law. Id. at 894-97.

Based on the foregoing considerations, the court concludes, as a matter of law, that employees may waive their ability to participate in collective action litigation, as long as the individual employees retain the individual capacity to vindicate their rights. The court believes that the text, legislative history, and purpose of the FLSA do not establish an unwaivable right for employees to proceed through collective action. To the extent that plaintiffs argue that the purpose of the FLSA will be frustrated by enforcing the CompuCom waivers in the instant case, it must be noted that many other courts, including the Eleventh Circuit in Walthour, have upheld clauses that not only waived the employees' right to bring their claims in a judicial forum, but also provided that employees could only pursue individual claims through arbitration. Here, plaintiffs still maintain their right to bring individual claims in a judicial forum. Therefore, the court finds that the policy considerations behind the FLSA are not impeded in its decision.

Such a holding, however, does not end the court's inquiry. At this point, the court has insufficient information about CompuCom's employment agreements in order to adequately determine whether they are enforceable under state law. Therefore, the court will direct the parties to engage in limited discovery as to the issue of the validity and enforceability of the

9

collective action waivers. Accordingly, CompuCom's motion for summary judgment is taken under advisement pending this additional discovery.

## II. Plaintiffs' Motion for Conditional Class Certification and Defendant's Motion to Stay

Plaintiffs argue that, even though the court may later determine that the collective action waivers are valid, the court should still issue notices to putative class members at this time. "[D]istrict courts have the discretion, in appropriate cases, to implement § 216(b) ... by facilitating notice to potential plaintiffs." Shaffer v. Farm Fresh, 966 F.2d 142, 147 (4th Cir. 1992) (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169–70 (1989)). Plaintiffs cite a number of cases in which district courts have granted employees' motions for conditional class certification and have allowed notice to be sent to potential class members, despite arguments that some class members may be precluded from joining a collective action due to binding arbitration agreements. However, the district courts in most of those cases were not also faced with dispositive motions, seeking dismissal of the collective action component of the case, pending simultaneously with the motion for conditional class certification. See, e.g., Amrhein v. Regency Mgmt. Servs., LLC, No. SKG-13-1114, 2014 WL 1155356, at *10 (D. Md. 2014) (granting conditional class certification where "Defendants have not filed any motion to compel arbitration nor have they identified potential opt-in plaintiffs whose claims would be subject to valid and binding arbitration"). Moreover, as to those few cases in which the district courts were deciding dispositive motions along with motions for conditional class certification, there were factual distinctions from the instant case.

Here, there are three potential class representatives who purportedly signed employment agreements barring their participation in collective action litigation against CompuCom. If all three named plaintiffs are barred from bringing a collective action, the case simply may not

10

proceed in that form. See In re Family Dollar FLSA Litig., 637 F.3d 508, 519 (4th Cir. 2011) ("Without a viable claim, [plaintiff] cannot represent others whom she alleged were similarly situated."); see also Copello, 812 F. Supp. 2d at 897 (denying motion for conditional class certification where one plaintiff's FLSA claim was dismissed and the other plaintiff was barred from pursuing an FLSA collective action). The instant case is distinguishable from those cited by plaintiffs in which the employer argued that some of the opt-in class members may have waived their right to participate in the collective action. See, e.g., Gordon v. TBC Retail Group, Inc., No. 2:14-cv-03365, 2015 WL 5770521, at *9 n.9 (D.S.C. Sept. 30, 2015) (granting conditional class certification despite defendant's argument that "there are very few potential class members who could join the litigation" (emphasis in original)); Kuperman v. ICF Int'l, No. 08-565, 2008 WL 4809167, *8-9 (E.D. La. Nov. 3, 2008) (granting conditional class certification even though "some of the potential class members may have waived their rights" to sue); Davis v. Novastar Mort., Inc., 408 F. Supp. 2d 811, 817 (W.D. Mo. 2005) (granting conditional class certification even though defendants argued that "most, if not all" of the purported class signed arbitration agreements). Furthermore, in some of the other cases cited by plaintiffs, the district courts were faced with only the possibility of binding arbitration agreements; defendants had not actually submitted any evidence that such agreements existed. See Amrhein, 2014 WL 1155356, at *10 (finding that "the potential for arbitration will not forestall the Plaintiffs' entitlement to conditional certification"); see also Whittington v. Taco Bell of Am., Inc., No. 10-cv-01884, 2011 WL 1772401, at *5 (D. Colo. May 10, 2011) (finding that defendant's evidence "does not state that Plaintiff signed an Agreement to Arbitrate and Defendants have not provided an Agreement to Arbitrate executed by Plaintiff"). Accordingly, the court declines to issue notices to potential class members at this time and will grant defendant's motion to stay a decision on

11

plaintiffs' motion for conditional class certification until the court rules on the dispositive motion.[2]

## Conclusion

For the foregoing reasons, CompuCom's motion to stay will be granted. The court will direct the parties to engage in limited discovery as to the issue of the validity and enforceability of the waivers in CompuCom's employment agreements. CompuCom's motion for summary judgment will be taken under advisement until the parties complete this additional discovery, and consideration of the motion for conditional class certification will be stayed pending a ruling on the dispositive motion.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 19th day of February, 2016.

_____
Chief United States District Judge

---

[2] Although the court declines to rule on the motion for conditional class certification at this time, the court has concerns as to the sufficiency of the evidence showing that there is a putative class of injured individuals. Although plaintiffs' burden is not onerous to demonstrate that the putative class members are similarly situated, "[m]ere allegations will not suffice; some factual evidence is necessary." Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002). In a similar case in which an employee sought overtime wages from her employer, who had locations in fifteen states, the court found that the employee failed to show that her employer had a "company-wide policy resulting in potential FLSA violations." Bernard, 231 F. Supp. 2d at 435. Instead, the plaintiff only provided evidence of a management incentive plan, which the court found did not "on its face encourage such clearly inappropriate behavior" but, instead, "rest[ed] on the interpretations of the plan by individual supervisors or managers." Id. Here, according to the complaint, CompuCom has over a hundred locations nationwide and a company-wide policy that provides that FSTs are paid for all time worked and are not allowed to perform off-the-clock work. As such, the court believes that further discovery is necessary to determine whether there exists a similarly situated class of injured employees.