# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FEAMSTER, ROBERT MIHALIC, and EARL JEANSONNE, individually and on behalf of all similarly situated individuals, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 7:15-cv-00564 |
| COMPUCOM SYSTEMS, INC. | § § § | |
| Defendant. | § § | |

## AGREED PROTECTIVE ORDER

The Parties hereby jointly stipulate, agree and request through their respective counsel of record that this proposed Agreed Protective Order ("Protective Order") be entered by this Court in this matter pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) as follows:

1. In the course of this litigation it is anticipated that all parties will request access to information in which the parties or other individuals have some form of privacy interest, confidentiality interest, trade secret interest or privilege. The entry of this Protective Order is necessary to protect such information. Accordingly, the parties have entered into this Protective Order and request that the Court enter this Protective Order to prevent the unnecessary disclosure of confidential information except as set forth herein.

2. As used in this Protective Order, "document" is defined as all writings of every type and description, whether draft or final, including but not limited to letters, correspondence, electronic mail, memoranda, notes, drawings, graphs, charts, photographs, telephone records, memoranda of telephone conversations or personal conversations, video or audio tape

1

recordings, and other data compilations from which information can be obtained and translated, computer printouts and disks, transcripts, affidavits, contracts, agreements, calendars, diaries, telegrams, newsletters, publications, reports, records, medical records, schedules, invoices, purchase orders, business plans, income and revenue projections, balance sheets and other accounting records, agendas, summaries, and all other such documents. Documents may also include, without limitation, answers to interrogatories, responses to requests for production, responses to requests for admission, depositions, and other information and/or documents disclosed pursuant to the disclosure and discovery rules set forth in the Federal Rules of Civil Procedure. The term "Document" also includes all copies and versions thereof which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original. A draft or other non-identical copy is a separate "Document" within the meaning of this term.

3. Either party may designate a document as "CONFIDENTIAL" provided that the information in the document is not in the public domain and is entitled to protection based upon some form of privacy interest, confidentiality interest, trade secret interest, or privilege. CONFIDENTIAL information (as defined below) shall not be disclosed or used for any purpose except solely in connection with this action's proceedings, including this action's trial and any subsequent appeals, or any other legal proceedings involving these same parties.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such CONFIDENTIAL INFORMATION may be disclosed to:

(a) attorneys actively working on this action;

(b) persons regularly employed or associated with the attorneys actively working on the action whose assistance is required by said attorneys in connection with this action's proceedings, including this action's trial or any subsequent appeals;

(c) the parties and officers, directors, and employees of the parties;

(d) expert witnesses and consultants retained in connection with this action, to the extent such disclosure is necessary in connection with this action's proceedings, including this action's trial;

(e) the Court and its employees (collectively, "Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) jurors who hear any part of this action;

(h) deponents, witnesses, or potential witnesses; and

(i) other persons by written agreement of the parties.

5. Prior to disclosing CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), a party shall inform such person of this Protective Order and any person to whom CONFIDENTIAL INFORMATION is disclosed shall be subject to the terms of this Protective Order.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL

3

and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information CONFIDENTIAL to file an appropriate motion within twenty (20) business days after the time the notice is given requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the designation is waived. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Nothing in this Order shall be construed as permitting the prospective filing of documents under seal. Any party seeking to file any papers containing CONFIDENTIAL INFORMATION under seal must comply with the procedures of Rule 9 of the Local Rules and any Rule 16(b) Scheduling Order that may be entered in this case.

10. At the conclusion of this action and any subsequent appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed, or the parties may elect to instead return CONFIDENTIAL documents to the designating party. Where the parties destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Nothing in this paragraph, however, shall be construed as prohibiting the attorneys for any party from maintaining a complete file regarding this action, including copies of documents that have been designated CONFIDENTIAL. Further, if a party had a document or a copy thereof in its possession prior to the commencement of this action, and that document was later designated CONFIDENTIAL by another party, nothing in this paragraph shall be construed as prohibiting the party who had the document or copies thereof in its possession prior to this action from retaining the document or copies thereof that were in its possession prior to the commencement of this action after the conclusion of this action.

11. This Protective Order shall bind the parties and their attorneys as soon as it is signed by attorneys for all of the parties, and it shall be submitted to the Court to be made an Order of the Court. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Stipulated and Agreed on the 16th day of May, 2016.

SOMMERS SCHWARTZ, P.C.  POLSINELLI PC

/s/ Jesse L. Young  /s/ Stephen E. Fox
Jesse L. Young (*PHV*)  Stephen E. Fox (admitted *pro hac vice*)
Kevin J. Stoops (*PHV*)  Texas Bar No. 07337260
Attorneys for Plaintiff  Robert J. Garrey (admitted *pro hac vice*)
One Towne Square, 17th Floor  Texas Bar No. 07703420
Southfield, MI 48076  2950 N. Harwood, Suite 2100

| | |
|---|---|
| (248) 355-0300 | Dallas, Texas 75201 |
| jyoung@sommerspc.com | Telephone:  214.397.0030 |
| kstoops@sommerspc.com | Facsimile:  214.397.0033 |
| | sfox@polsinelli.com |
| Attorneys for Plaintiffs | bgarrey@polsinelli.com |
| | Attorneys for CompuCom Systems, Inc. |

IT IS SO ORDERED this ____ day of _____, 2016.

_____
**HONORABLE GLEN E. CONRAD**
**UNITED STATES DISTRICT JUDGE**