# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FEAMSTER,** | § | |
| **ROBERT MIHALIC, and EARL** | § | |
| **JEANSONNE, individually and on** | § | |
| **behalf of all similarly situated** | § | |
| **individuals,** | § | **Civil Action No. 7:15-cv-00564** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **CompuCom Systems, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (this "**Agreement**") is made by and among named Plaintiffs Christopher Feamster ("**Feamster**") , Robert Mihalic ("**Mihalic**") and Earl Jeansonne ("**Jeansonne**") and opt-in Plaintiffs Kaleb Yoder ("**Yode**r") , Louis Tirado ("**Tirado**") , Ronald Clark ("**Clark**"), and Eric Harris ("**Harris**"), (collectively referred to as "**Plaintiffs,"**) and Defendant CompuCom Systems, Inc. ("**CompuCom**") (the term "**CompuCom**" shall include its parent, subsidiary, affiliate, predecessor, and/or successor companies, if any, as well as its past and present officers, administrators, directors, shareholders, general or limited partners, representatives, agents, employees and/or attorneys, if any (collectively, the "**CompuCom Released Parties**"). Plaintiffs and CompuCom will be referred to collectively as the "**Parties**" or individually as a "**Party**."

## PREAMBLE

WHEREAS, Feamster is an individual who maintains his principal place of residence in Blacksburg, Virginia;

WHEREAS, Mihalic is an individual who maintains his principal place of residence in Knoxville, Tennessee;

WHEREAS, Jeansonne is an individual who maintains his principal place of residence in Alexandria, Louisiana;

WHEREAS, Yoder, is an individual who maintains his principal place of residence in Fort Collins, Colorado;

WHEREAS, Tirado is an individual who maintains his principal place of residence in Austintown, Ohio;

WHEREAS, Clark is an individual who maintains his principal place of residence in Antioch, Tennessee;

WHEREAS, Harris is an individual who maintains his principal place of residence in Beaumont, Texas;

WHEREAS, CompuCom Systems, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Dallas, Texas;

WHEREAS, on October 20, 2015, named-Plaintiffs Feamster, Mihalic and Jeansonne brought a putative class and collective action lawsuit against CompuCom in a lawsuit styled, *Christopher Feamster, Robert Mihalic and Earl Jeansonne, individually and on behalf of all similarly situated individuals v. CompuCom Systems, Inc*., Civil Action No. 7:15-cv-00564, in the Western District of Virginia (the "**Feamster Lawsuit**"), in which the named-Plaintiffs asserted wage and hour claims against CompuCom arising out of their employment relationship with CompuCom;

WHEREAS, on October 20, 2015, named- Plaintiffs Feamster, Mihalic and Jeansonne also filed a Motion for Conditional Class Certification;

WHEREAS, on November 6, 2015, Yoder and Tirado filed their Consents to join the Feamster Lawsuit as Plaintiffs;

WHEREAS, on December 2, 2015, Clark filed his Consent to join the Feamster Lawsuit as a Plaintiff;

WHEREAS, CompuCom vigorously denies the allegations and claims asserted in the Feamster Lawsuit and on December 7, 2015, filed its Motion to Dismiss or, in the alternative, for Summary Judgment seeking the dismissal of the Feamster Lawsuit;

WHEREAS, on December 9, 2015, CompuCom filed its Motion to Stay Consideration of Plaintiffs' Motion for Conditional Class Certification;

WHEREAS, on January 13, 2016, Harris filed his Consent to join the Feamster Lawsuit as a Plaintiff;

WHEREAS, the Parties desire to compromise, resolve, and settle the claims, allegations and causes of action which were or could have been asserted in the Feamster Lawsuit, finally and forever, in order to avoid the uncertainty, time and expense which would accompany the Feamster Lawsuit and any anticipated appeal thereof; and

WHEREAS, the Parties have agreed, without any Party admitting liability of any kind, to enter into this Agreement pursuant to which each and every claim and/or cause of action asserted or which could have been asserted by Plaintiffs against the CompuCom Released Parties will be forever and finally released and the Feamster Lawsuit will be dismissed with prejudice, except as may be specifically provided otherwise herein.

NOW, THEREFORE, in consideration of the covenants and mutual promises and agreements herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

## 1.0. Compromises and Effective Date

1.1. The Parties hereby agree that neither the giving of any consideration hereunder nor its acceptance shall operate as or be evidence of any admission of liability for any claim hereby released, and further agree that, by the execution of this Agreement, the Parties do not admit the truthfulness of any of the claims or allegations made by any opposing party; rather, such claims, allegations and liability have been, and are hereby, expressly denied by each of the Parties. This Agreement has been made and entered into solely in order to compromise and settle all claims between the Parties, and the Parties expressly deny any violation of state or federal laws or regulations or company policies or procedures.

1.2. This Agreement shall be effective as of the date on which the last of the Plaintiffs signs this Agreement (the "**Effective Date**").

## 2.0. Payment by CompuCom

2.1. For and in consideration of the covenants and/or promises contained herein, the receipt and sufficiency of which are hereby acknowledged, no later than ten (10) business days after all Plaintiffs have returned an executed and originally-signed copy of this Agreement to CompuCom's counsel of record, CompuCom will pay Plaintiffs and their attorneys the following sums totaling **$132,868.14;**

a. CompuCom shall deliver two checks totaling an amount of **$8,326.00** (collectively, the "**Feamster Settlement Payment**") to Feamster's counsel of record, Kevin J. Stoops, as follows: (i) a check shall be made payable to Feamster in the amount of $4,163.00 for unpaid wages allegedly owed to Feamster under the Fair Labor Standards Act (the "**Feamster Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Alleged Unpaid Wages paid to Feamster shall be attributable to back wages and, as such, CompuCom shall withhold

applicable taxes from the Alleged Unpaid Wages paid to Feamster); (ii) a check shall be made payable to Feamster in the amount of $4,163.00 for liquidated damages attributable to the Alleged Unpaid Wages; and

b. CompuCom shall deliver two checks totaling an amount of **$10,718.40** (collectively, the "**Mihalic Settlement Payment**") to Mihalic's counsel of record, Kevin J. Stoops, as follows: (i) a check shall be made payable to Mihalic in the amount of **$5,359.20** for unpaid wages allegedly owed to Mihalic under the Fair Labor Standards Act (the "**Mihalic Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Mihalic Alleged Unpaid Wages shall be attributable to back wages and, as such, CompuCom shall withhold applicable taxes from the Mihalic Alleged Unpaid Wages to be paid); (ii) a check shall be made payable to Mihalic in the amount of **$5,359.20** for liquidated damages attributable to the Mihalic Alleged Unpaid Wages; and

c. CompuCom shall deliver two checks totaling an amount of **$14,931.84** (collectively, the "**Jeansonne Settlement Payment**") to Jeansonne's counsel of record, Kevin J. Stoops, as follows: (i) a check shall be made payable to Jeansonne in the amount of **$7,465.92** for unpaid wages allegedly owed to Jeansonne under the Fair Labor Standards Act (the "**Jeansonne Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Jeansonne Alleged Unpaid Wages shall be attributable to back wages and, as such, CompuCom shall withhold applicable taxes from the Jeansonne Alleged Unpaid Wages to be paid); (ii) a check shall be made payable to Jeansonne in the amount of **$7,465.92** for liquidated damages attributable to the Jeansonne Alleged Unpaid Wages; and

d. CompuCom shall deliver two checks totaling an amount of **$6,948.48** (collectively, the "**Yoder Settlement Payment**") to Yoder's counsel of record, Kevin J. Stoops,

as follows: (i) a check shall be made payable to Yoder in the amount of **$3,474.24** for unpaid wages allegedly owed to Yoder under the Fair Labor Standards Act (the "**Yoder Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Yoder Alleged Unpaid Wages shall be attributable to back wages and, as such, Compucom shall withhold applicable taxes from the Yoder Alleged Unpaid Wages to be paid); (ii) a check shall be made payable to Yoder in the amount of **$3,474.24** for liquidated damages attributable to the Yoder Alleged Unpaid Wages; and

e.       CompuCom shall deliver two checks totaling an amount of **$15,155.71** (collectively, the "**Tirado Settlement Payment**") to Tirado's counsel of record, Kevin J. Stoops, as follows: (i) a check shall be made payable to Tirado in the amount of **$7,577.85** for unpaid wages allegedly owed to Tirado under the Fair Labor Standards Act (the "**Tirado Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Tirado Alleged Unpaid Wages shall be attributable to back wages and, as such, CompuCom shall withhold applicable taxes from the Tirado Alleged Unpaid Wages to be paid); (ii) a check shall be made payable to Tirado in the amount of **$7,577.85** for liquidated damages attributable to the Tirado Alleged Unpaid Wages; and

f.       CompuCom shall deliver two checks totaling an amount of **$13,491.71** (collectively, the "**Clark Settlement Payment**") to Clark's counsel of record, Kevin J. Stoops, as follows: (i) a check shall be made payable to Clark in the amount of **$6,745.85** for unpaid wages allegedly owed to Clark under the Fair Labor Standards Act (the "**Clark Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Clark Alleged Unpaid Wages shall be attributable to back wages and, as such, CompuCom shall withhold applicable taxes from the Clark Alleged Unpaid Wages to be paid; (ii) a check shall be made payable to Clark in the

amount of **$6,745.85** for liquidated damages attributable to the Clark Alleged Unpaid Wages; and

      g.    CompuCom shall deliver two checks totaling an amount of **$10,296.00** (collectively, the "**Harris Settlement Payment**") to Harris's counsel of record, Kevin J. Stoops, as follows: (i) a check shall be made payable to Harris in the amount of **$5,148.00** for unpaid wages allegedly owed to Harris under the Fair Labor Standards Act (the "**Harris Alleged Unpaid Wages**") (the Parties acknowledge and agree that the Harris Alleged Unpaid Wages shall be attributable to back wages and, as such, CompuCom shall withhold applicable taxes from the Harris Alleged Unpaid Wages to be paid ); (ii) a check shall be made payable to Harris in the amount of **$5,148.00** for liquidated damages attributable to the Harris Alleged Unpaid Wages; and

      h.    Two checks shall be made payable to Plaintiffs' counsel of record, Kevin J. Stoops, (i) the first in the amount of **$50,000.00** for attorneys' fees incurred by Plaintiffs in connection with prosecuting the claims asserted or which could have been asserted in the Feamster Lawsuit ("**Attorneys' Fees Payment**") ; and (ii) the second in the amount of $**3,000.00** for costs incurred by Plaintiffs in connection with prosecuting the claims asserted or which could have been asserted in the Feamster Lawsuit("**Expense Payment**").

    **2.2.**    The Parties agree that the Feamster, Mihalic, Jeansonne, Yoder, Tirado, Clark and Harris Settlement Payments and the Attorneys' Fees Payment and Expense Payment shall constitute consideration and payment in full for (i) all claims Plaintiffs have or may have against the CompuCom Released Parties; (ii) any and all attorneys' fees, expenses, costs of court and any other unknown fees, costs and/ or expenses incurred by Plaintiffs and/or their legal counsel in the Feamster Lawsuit (including, without limitation, fees and costs incurred by Kevin J. Stoops and

Sommers Schwartz, P.C.); and (iii) Plaintiffs' releases, promises, and obligations contained herein.

2.3.    Plaintiffs acknowledge and understand that CompuCom shall issue necessary tax reporting forms for the Settlement Payments paid to each Plaintiff pursuant to this Agreement. So long as CompuCom complies with the provisions of Section 2.1, Plaintiffs understand and agree that each of them shall be responsible for the payment of any and all taxes, assessments, or other financial obligations, whether federal, state, or local, which are legally required to be paid by them in connection with the Settlement Payment. Plaintiffs further understand and agree that, if the Internal Revenue Service or any other federal, state, or local governmental agency determines that some or all of the Settlement Payment is subject to federal, state, and/ or local taxes on account of and arising out of any action and/or inaction by Plaintiffs regarding the reporting and/or payment of said taxes on the Settlement Payment, and if, as a result of Plaintiffs' failure to report the payments set forth herein, or any other action and or inaction on the part of Plaintiffs, the Internal Revenue Service or any other federal, state, or local governmental agency assesses taxes and/or interest or imposes a fine and/ or a penalty against Plaintiffs or the CompuCom Released Parties, they will be responsible for any expenses and fees incurred in connection with such assessed taxes and/or interest or imposed fine and/or penalty.

3.0.    **Execution and Delivery of Affidavit**

3.1.    **Affidavit**.    Jeansonne, Tirado, and Clark will execute an affidavit in the form attached hereto as Exhibit "A", certifying under oath that (i) the Settlement Payment comprises, represents and reflects payment in full for any unpaid wages and liquidated damages owed to them for all time worked by them on behalf of CompuCom up to and including the Effective Date, (ii) each understands he is obligated by CompuCom's policies to accurately record all time

spent working, including but not limited to overtime, as well as time spent performing "administrative duties," and (iii) he will accurately record all time actually worked by him for CompuCom from the Effective Date going forward.

## 4.0. <u>Releases by Plaintiffs and their Counsel</u>

**4.1.    Release by Plaintiffs**.  For and in consideration of the covenants and/or promises contained herein, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs, on behalf of themselves and their spouses, family, assigns, representatives, agents, and heirs, if any, hereby fully, finally, and forever RELEASES, ACQUITS, and DISCHARGES the CompuCom Released Parties, jointly and severally, from, and covenants not to sue the CompuCom Released Parties, jointly and severally, for any and all claims, demands, actions, causes of action, other liabilities, and/or damages, if any, known or unknown, whether arising at law, by statute, or in equity, which Plaintiffs, or any other person or entity claiming by, through or under them, may have or claim to have, jointly or severally, against the CompuCom Released Parties that in any way arise out of or are connected with acts, omissions, conduct, relationships, occurrences, dealings, communications, events, and/or transactions that have occurred on or before the Effective Date, including, without limitation, the claims asserted in the Feamster Lawsuit and any other contractual, constitutional, statutory, or common law or tort claims whatsoever, including, without limitation, any claims for overtime, straight time, minimum wage, meal period premiums, rest period premiums, travel time, off-the-clock time, itemized wage statements, restitution, damages, interest, and costs and attorneys' fees, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (specifically including the Equal Pay Act), as amended, 29 U.S.C. § 201, *et seq.*;, and any applicable state wage and hour law as well as any claims arising out of or based upon any allegations seeking to recover wages, salary, front or back pay, or any other such

employee-related compensation or benefits, or based upon allegations of breach of contract, or promissory estoppel.

**4.2.** **Release of Attorneys' Fees, Court Costs and Expenses**. Kevin J. Stoops ("**Stoops**") and Jesse L. Young ("**Young**") and their law firm Sommers Schwartz, P.C., Timothy J. Becker ("**Becker**") and his law firm Johnson Becker, PLLC, and Cindra M. Dowd ("**Dowd**") and her law firm Law Offices of Richard J. Serpe, P.C. have represented Plaintiffs with respect to the claims asserted in the Feamster Lawsuit. By executing this Agreement, Stoops, Young, Becker, and Dowd on behalf of themselves and their respective law firms, acknowledge that all claims for attorneys' fees, costs, court costs or other recoverable expenses that any of them or any attorneys affiliated with any of them, or any attorneys who have served as Plaintiffs' counsel of record in the Feamster Lawsuit, may hold independently against the CompuCom Released Parties, as Plaintiffs' legal counsel in the Feamster Lawsuit, are satisfied by the consideration of the covenants and/or promises contained herein, and hereby release any claims any of them or any attorneys affiliated with them, or any attorneys who have served as Plaintiffs' counsel of record in the Feamster Lawsuit, might have against the CompuCom Released Parties.

**4.3.** The Parties acknowledge and agree that the releases set forth herein do not include any claims a Party may have against any other Party for a failure to comply with or breach of any provision of this Agreement.

**5.0.** **Disposition of Legal Proceedings**

**5.1.** **Dismissal of Feamster Lawsuit**. No later than three (3) business days after the later of CompuCom delivering an executed copy of this Agreement or the Court approving the proposed settlement, Plaintiffs' counsel of record agrees to file a Stipulation of Dismissal with

Prejudice.  Except as otherwise may be provided herein by the terms of this Agreement, the Parties agree to bear their own costs, expenses and attorneys' fees.

**5.2.    Dismissal of Governmental Proceedings**.  Plaintiffs acknowledge and affirm that they have no charges of discrimination, harassment and/or retaliation or any other claim pending with the Equal Employment Opportunity Commission, Department of Labor, or other state or federal government agency against CompuCom. To the extent that any such charges exist, Plaintiffs agrees to undertake all necessary efforts to withdraw the charge(s) and to dismiss any proceedings associated with such charge(s).

**6.0.    Confidentiality**

**6.1.    Non-Disclosure Obligations.**  PLAINTIFFS, on behalf of themselves and any person affiliated with them, including, without limitation, any lawyers who have represented them in connection with pursuing claims against the CompuCom Released Parties, acknowledge and agree that (i) the existence of this Agreement and (ii) the terms and provisions of this Agreement shall remain strictly confidential, and shall not be divulged, disclosed, or used for purposes (other than the settlement of this Feamster Lawsuit) by Plaintiffs, or anyone acting in concert or participation with them, except as set forth herein.  Notwithstanding the foregoing, nothing in this subsection shall prevent the following disclosures of this Agreement: (i) Plaintiffs may disclose the terms of the Agreement to their spouse, attorneys, and tax advisors, if any; (ii) the CompuCom Released Parties may disclose the terms and existence of this Agreement to any manager, officer, agent, employee, insurance advisor, or tax auditor with a need to know such terms; (iii) the Parties may use this Agreement as evidence in a subsequent proceeding in which either of the Parties alleges a breach of this Agreement; and (iv) the Parties shall be permitted to disclose the terms of this Agreement where they are bound by a legal duty to disclose the terms

of this Agreement, including but not limited to, disclosures required pursuant to obligations under federal or state rules of discovery; provided however, the disclosing Party shall immediately notify the other Party of her/its intention to disclose the terms of this Agreement, and comply with the notice requirements delineated hereinafter in this Section. In order to allow the Parties to protect their interests in confidentiality, any Party and their/its agents (including, but not limited to, counsel) served with a subpoena, discovery request, or other similar legal instrument that could lead to a court order compelling disclosure of the terms of this Agreement shall notify the other Party of its intent to disclose the terms of this Agreement pursuant to such legal instrument at least seven (7) days prior to such disclosure. Other than the exceptions set forth herein, Plaintiffs and their counsel agree that they will not disclose, divulge, use or offer this Agreement as evidence in any proceeding or in any lawsuit unless required by law or court order. Plaintiffs covenant and represent that they have complied with each and all of the requirements set forth in this Section since October 20, 2015.

**7.0    Discovery Process/Assistance in Other Lawsuits**

    **7.1.**    Plaintiffs and their attorneys of record (including, without limitation, Stoops, Young, Becker, and Dowd, and any members of their respective law firms) agree that discovery initiated, produced, and/or obtained by CompuCom in the Feamster Lawsuit cannot and will not be used in any other lawsuits, including without limitation any lawsuits initiated by any persons who were named-plaintiffs or opt-in plaintiffs in the Feamster Lawsuit. Further, Plaintiffs agree that they will not testify or submit an affidavit, declaration or affirmation in any other lawsuits involving CompuCom, including, without limitation, any lawsuits initiated by any persons who were named-plaintiffs or opt-in plaintiffs in the Feamster Lawsuit unless required to do so by subpoena or court order. Further, Plaintiffs agree that they will not assist or work with any

persons initiating any other lawsuits against CompuCom, including, without limitation, any persons who were named-plaintiffs or opt-in plaintiffs in the Feamster Lawsuit, unless required to do so by subpoena or court order.

**8.0.**   **Miscellaneous**

**8.1.**   **Assignment of Claims**.  The Parties each represent and warrant to each other that neither has assigned or otherwise transferred to any person, party or entity any of the claims, demands, actions, liabilities, obligations or causes of action being released hereby.  Plaintiffs further agree to indemnify the CompuCom Released Parties and to hold them harmless from any claims, demands, actions, liabilities, obligations and/or causes of action previously assigned or otherwise transferred.

**8.2.**   **No Reliance**.  In executing this Agreement, the Parties have not seen, heard or relied upon any promises, statements, representations, covenants, or warranties, whether express or implied, made by one another or by any representative or other person or entity, except to the extent that a matter is expressly stated in this Agreement.  The Parties hereby waive and release any right or ability to seek to revoke, rescind, vacate, or otherwise avoid the operation and effect of this Agreement on the basis of any alleged fraudulent inducement, misrepresentation, or material omission by any of the Parties or their representatives, or on the basis of mutual or unilateral mistake of fact or law, or newly discovered information, and acknowledge that they are completely satisfied with this settlement, as reflected in this Agreement.

**8.3.**   **Authority**.  CompuCom expressly represents and warrants (a) that the execution and delivery of this Agreement (*i*) are within its powers, (*ii*) have been duly authorized by all necessary corporate action (or will hereafter be promptly ratified as such), and (*iii*) do not contravene any provision of any agreements to which it is a party or any law to which it is

subject, (b) that the undersigned is duly authorized to execute and deliver this Agreement, and (c) that, upon execution and delivery, this Agreement shall be the legal, valid, and binding obligation of it and enforceable in accordance with its terms.

**8.4.** **Entire Agreement**.  This Agreement constitutes the entire understanding and agreement of the Parties, and supersedes prior understandings and agreements, if any, among or between the Parties with respect to the subject matter hereof.  There are no representations, agreements, arrangements or understandings, oral or written, concerning the subject matter hereof between and among the Parties that are not fully expressed or incorporated by reference herein.

**8.5.** **Amendments**.  Any modification of this Agreement or additional obligation assumed by either Party in connection with this Agreement shall be binding only if evidenced in writing signed by each Party or an authorized representative of each Party.  Additionally, this Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by both Parties.

**8.6.** **Counterpart Originals**.  This Agreement may be executed in multiple counterparts and all such counterparts so executed shall together be deemed to constitute one final agreement, as if one document had been signed by all of the Parties; and each such counterpart shall be deemed to be an original, binding the Party subscribed thereto, and multiple signature pages affixed to a single copy of this Agreement shall be deemed to be a fully executed original agreement.

**8.7.** **Severability**.  The Parties acknowledge and understand that, if any term of this Agreement shall be determined by a court to be illegal, invalid, unconscionable or unenforceable,

the remaining provisions will remain effective and legally binding, and the illegal, invalid, unconscionable or unenforceable term shall be deemed not to be a part of this Agreement.

**8.8. Binding Effect**. This Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights and benefits hereof shall be binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, administrators, representatives, officers, directors, shareholders, predecessors, successors, parents, subsidiaries, affiliated entities, spouses, agents, attorneys, servants, employees, principals, partners, whether limited or general, and assigns, if any. Each of the Parties represents and warrants that she or it has the authority to act on her or its behalf and to bind her or it to this Agreement.

**8.9. Exercise of Rights**. Any failure or forbearance by either Party to exercise any right or remedy with respect to enforcement of this Agreement or any instrument executed in connection herewith shall not be construed as a waiver of any of such Party's rights or remedies, nor shall such failure or forbearance operate to modify this Agreement or such instruments in the absence of a writing as provided above.

**8.10. No Waiver**. No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all Parties to this Agreement. The waiver by any Party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any Party, nor shall any waiver operate or be construed as a rescission of this Agreement.

**8.11. Choice of Law and Venue; Fees**. The Parties agree that the Agreement shall be performed in Dallas, Texas, and that the laws of the State of Texas shall govern the enforceability, interpretation and legal effect of this Agreement. The Parties also agree that venue of any action to enforce the provisions of this Agreement or for breach hereof, or any

document executed in connection herewith, shall be in Dallas, Texas. The Parties also agree that the prevailing party in an action for breach of this agreement shall be entitled to recover attorneys' fees in that litigation.

### 9.0. <u>Voluntary Agreement</u>

**9.1.** Plaintiffs acknowledge and understand that this Agreement is a release and waiver contract, and that this document is legally binding. Plaintiffs understand that by signing this Agreement, they are agreeing to all of the provisions set forth in the Agreement, and have read and understood each provision. The Parties acknowledge that Plaintiffs have been advised of their right and opportunity to consult with an attorney of their choice concerning the meaning, import, and legal significance of this Agreement.

**9.2.** The Parties hereby represent and warrant that, prior to signing below, each has had the opportunity to consult with legal counsel of his/its choice, has had a full opportunity to conduct discovery and investigate all claims and defenses, has read this document in its entirety and fully or satisfactorily understands its content and effect, and that he/it has not been subject to any form of duress in connection with this settlement, is completely satisfied with the settlement reflected in this Agreement, and accordingly agrees to be bound as described in this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement to be effective as set forth in this Agreement.

*[The remaining portion of this page is intentionally left blank]*

**CHRISTOPHER FEAMSTER:**

_____

7/27/16
**Date**

STATE OF VIRGINIA       §
                                §
COUNTY OF _____       §

BEFORE ME, the undersigned authority, on this day personally appeared CHRISTOPHER FEAMSTER, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this 27th day of July, 2016.

_Rhonda Christine Whaling_
Notary Public, State of Virginia

Notary Seal:_____

RHONDA CHRISTINE WHALING
NOTARY PUBLIC
REG. #7340220
MY COMMISSION EXPIRES 09/30/2018
COMMONWEALTH OF VIRGINIA

**ROBERT MIHALIC:**

_____      _____
                                                   Date

STATE OF TENNESSEE       §
                                §
COUNTY OF _____       §

BEFORE ME, the undersigned authority, on this day personally appeared ROBERT MIHALIC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this ____ day of _____, 2016.

_____
Notary Public, State of Virginia

Notary Seal:_____

---

**CHRISTOPHER FEAMSTER:**

_____          _____
                                            **Date**

STATE OF VIRGINIA                    §
                                     §
COUNTY OF _____              §

     BEFORE ME, the undersigned authority, on this day personally appeared CHRISTOPHER FEAMSTER, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     Given under my hand and seal of office this _____ day of _____, 2016.

                                 _____
                                 Notary Public, State of Virginia

                                 Notary Seal:_____

**ROBERT MIHALIC:**

_____          _____
                                            **Date**

STATE OF TENNESSEE                   §
                                     §
COUNTY OF Anderson                   §

     BEFORE ME, the undersigned authority, on this day personally appeared ROBERT MIHALIC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     Given under my hand and seal of office this 27 day of July, 2016.

Commission Expires
Jan 27, 2019

                                 Notary Public, State of ~~Virginia~~ Tennessee

                                 Notary Seal:_____

_(Notary seal: ASHLEY E. GOLDTHWAITE, STATE OF TENNESSEE NOTARY PUBLIC, ANDERSON COUNTY)_

**EARL JEANSONNE:**

_____     $8-1-16$
                                     Date

STATE OF LOUISIANA          §
                            §
PARISH OF Rapides           §

    BEFORE ME, the undersigned authority, on this day personally appeared EARL JEANSONNE, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

    Given under my hand and seal of office this 1st day of August, 2016.

_____
Notary Public, State of Louisiana

Notary Seal: #053970

**EARL JEANSONNE:**

_____     _____
                                          Date

STATE OF LOUISIANA          §
                            §
PARISH OF _____        §

BEFORE ME, the undersigned authority, on this day personally appeared EARL JEANSONNE, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this _____ day of _____, 2016.

_____
Notary Public, State of Louisiana

Notary Seal:_____


**KALEB YODER:**

_____     $8/1/16$
                                          Date

STATE OF COLORADO          §
                           §
COUNTY OF Larimer          §

BEFORE ME, the undersigned authority, on this day personally appeared KALEB YODER, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this 1 day of August, 2016.

_____
Notary Public, State of Colorado

Notary Seal:_____

> ALYSSA RICHARDS
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 20164013110
> MY COMMISSION EXPIRES APRIL 5, 2020

Case 7:15-cv-00564-GEC   Document 66-1   Filed 09/16/16   Page 21 of 36   Pageid#: 823

**LOUIS TIRADO:**

_Louis Tirado_ _____     _7/29/16_
                                            Date

STATE OF OHIO                    §
                                 §
COUNTY OF ___Mahoning___         §

     BEFORE ME, the undersigned authority, on this day personally appeared LOUIS TIRADO, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     Given under my hand and seal of office this 29th day of July, 2016.

_Christy J Levin_ _____
Notary Public, State of Ohio

Notary Seal:___ exp. 1-25-21___

CHRISTY J. LEVIN
NOTARY PUBLIC
FOR THE
STATE OF OHIO
My Commission Expires
January 25, 2021

**RONALD CLARK:**

_____     _____
                                            Date

STATE OF TENNESSEE               §
                                 §
COUNTY OF _____             §

     BEFORE ME, the undersigned authority, on this day personally appeared RONALD CLARK, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     Given under my hand and seal of office this ____ day of _____, 2016.

_____
Notary Public, State of Tennessee

Notary Seal:_____

---

Case 7:15-cv-00564-GEC   Document 66-1   Filed 09/16/16   Page 22 of 36   Pageid#: 824

**LOUIS TIRADO:**

_____          _____
                                                          Date

STATE OF OHIO                        §
                                     §
                                     §
COUNTY OF _____

     BEFORE ME, the undersigned authority, on this day personally appeared LOUIS TIRADO, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     Given under my hand and seal of office this ____ day of _____, 2016.

                          _____

                          Notary Public, State of Ohio

                          Notary Seal:_____

**RONALD CLARK:**

_Ronald Clark_                          _7/29/16_
_____          _____
                                                          Date

STATE OF TENNESSEE                   §
                                     §
COUNTY OF _DAVIDSON_                  §

     BEFORE ME, the undersigned authority, on this day personally appeared RONALD CLARK, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

     Given under my hand and seal of office this _29_ day of _July_, 2016.

                          _Gordon Weigle_

**My Commission Expires
October 18, 2016**
                          Notary Public, State of Tennessee

                          Notary Seal:_____

**ERIC HARRIS:**

_Eric Harris_                                    7/27/2016
                                                 _____
                                                    Date

STATE OF TEXAS                          §
                                        §
COUNTY OF JEFFERSON                      §

    BEFORE ME, the undersigned authority, on this day personally appeared ERIC HARRIS, known
to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me
that he executed the same for the purposes and consideration therein expressed and in the capacity therein
stated.

    Given under my hand and seal of office this 27 day of July , 2016.

                                _____
                                Notary Public, State of Texas

                    Notary Seal: _____

                                    MOHAMMAD MUSADDAQ
                                    My Commission Expires
                                    December 20, 2018

**AGREED AS TO FORM:**

_____

**KEVIN J. STOOPS, ESQ., on behalf of himself and his law firm**
Attorney for Plaintiff

_____

**TIMOTHY J. BECKER, ESQ**., **on behalf of himself and his law firm**
Attorney for Plaintiff

_____

**CINDA M. DOWD, ESQ**., **on behalf of herself and her law firm**
Attorney for Plaintiff

**AGREED AS TO SUBSTANCE OF SECTIONS 4.3, 5.1, and 7.1:**

_____

**KEVIN J. STOOPS, ESQ., on behalf of himself and his law firm**
**Attorney for Plaintiff**

_____

**TIMOTHY J. BECKER, ESQ., on behalf of himself and his law firm**
**Attorney for Plaintiff**

_____

**CINDA M. DOWD, ESQ., on behalf of herself and her law firm**
**Attorney for Plaintiff**

**CompuCom Systems, Inc.:**

_____     _____
**Date**

By:_____

Title: _____


STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §


       BEFORE ME, the undersigned authority, on this day personally appeared _____, who holds the position of _____ with CompuCom Systems, Inc., known to me to be the person and officer whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same as the act and deed of CompuCom Systems, Inc. for the purposes and consideration therein expressed and in the capacity therein stated.

       Given under my hand and seal of office this ____ day of _____, 2016.


                           _____
                           Notary Public, State of Texas

                           Notary Seal:_____

# Exhibit A

# AFFIDAVIT OF EARL JEANSONNE

I, Earl Jeansonne, declare as follows:

1.     I am a citizen of the United States, and an adult over the age of twenty-one (21) years of age. I have never been convicted of a felony or a crime involving moral turpitude. I make this Affidavit of my own personal knowledge, and could and would testify competently to the matters set forth herein if called upon to do so.

2.     I, along with several other persons, brought a putative collective action lawsuit against CompuCom Systems, Inc. ("COMPUCOM") in a lawsuit styled, *Christopher Feamster, Robert Mihalic and Earl Jeansonne, individually and on behalf of all similarly situated individuals v. CompuCom Systems, Inc.*, Civil Action No. 7:15-cv-00564, in the Western District of Virginia (the "**Feamster Lawsuit**"), in which I asserted wage and hour claims against COMPUCOM arising out of my employment relationship with COMPUCOM.

3.     I was employed by and worked for COMPUCOM when the Feamster Lawsuit was filed, and I have continued to be employed by and work for COMPUCOM throughout the pendency of the Feamster Lawsuit.

4.     On *July 30*, 2016, I entered into a Settlement and General Release Agreement (the "**Settlement Agreement**") with COMPUCOM. Under the terms of the Settlement Agreement, COMPUCOM paid me the sum of $14,931.84 for unpaid wages and liquidated damages in full satisfaction of my claims against COMPUCOM (the "**Settlement Payment**").

5.     I acknowledge, confirm and agree that the Settlement Payment represents and reflects payment in full for any unpaid wages and liquidated damages owed to me for all time worked by me on behalf of COMPUCOM up to and including *July 30*, 2016.

---

Case 7:15-cv-00564-GEC Document 66-1 Filed 09/16/16 Page 28 of 36 Pageid#: 830

6. I understand, acknowledge, and confirm that I am obligated by COMPUCOM'S policies to accurately record all time spent working by me for COMPUCOM, specifically including but not limited to time spent performing administrative duties and overtime, regardless of when those duties are performed. I further agree, acknowledge and confirm that I will accurately record all time actually worked by me for COMPUCOM from the effective date of the Settlement Agreement going forward. I further understand, acknowledge and confirm that my failure to abide by and follow COMPUCOM'S policies regarding the recording of all time spent working by me may subject me to counseling and discipline, up to and including termination.

7. I further agree, acknowledge, and confirm that in the event any supervisor or manager gives me any instruction regarding the reporting of time worked that is inconsistent with CompuCom's policies as specified in Paragraph 6 herein, I will immediately report the matter to CompuCom management.

8. I have fully read and fully understand the Settlement Agreement and this Affidavit, and have had the opportunity to consult with my attorney concerning the meaning, import, and legal significance of the Settlement Agreement and this Affidavit.

**[The remaining portion of this page is intentionally left blank]**

_Earl Jeansonne_

SUBSCRIBED AND SWORN TO before me, the undersigned notary, on this 30th day of _July_, 2016, to which witness my hand and seal of office.

☒ personally known to me;

☐ proved to me on the oath of _____ who is a credible witness personally known to me; or

☐ proved to me through the following current identification care or other document issued by the federal government or any state government containing the photograph and signature of the acknowledging person:

_____
Notary Public in and for the State of Louisiana   # 053970

## AFFIDAVIT OF LOUIS TIRADO

I, Louis Tirado, declare as follows:

1.     I am a citizen of the United States, and an adult over the age of twenty-one (21) years of age.  I have never been convicted of a felony or a crime involving moral turpitude.  I make this Affidavit of my own personal knowledge, and could and would testify competently to the matters set forth herein if called upon to do so.

2.     I, along with several other persons, brought a putative collective action lawsuit against CompuCom Systems, Inc. ("**COMPUCOM**") in a lawsuit styled, *Christopher Feamster, Robert Mihalic and Earl Jeansonne, individually and on behalf of all similarly situated individuals v. CompuCom Systems, Inc.*, Civil Action No. 7:15-cv-00564, in the Western District of Virginia (the "**Feamster Lawsuit**"), in which I asserted wage and hour claims against COMPUCOM arising out of my employment relationship with COMPUCOM.

3.     I was employed by and worked for COMPUCOM when the Feamster Lawsuit was filed, and I have continued to be employed by and work for COMPUCOM throughout the pendency of the Feamster Lawsuit.

4.     On __July 29____, 2016, I entered into a Settlement and General Release Agreement (the "**Settlement Agreement**") with COMPUCOM.  Under the terms of the Settlement Agreement, COMPUCOM paid me the sum of $15,155.71 for unpaid wages and liquidated damages in full satisfaction of my claims against COMPUCOM (the "**Settlement Payment**").

5.     I acknowledge, confirm and agree that the Settlement Payment represents and reflects payment in full for any unpaid wages and liquidated damages owed to me for all time worked by me on behalf of COMPUCOM up to and including ____July 29_____, 2016.

6.     I understand, acknowledge, and confirm that I am obligated by COMPUCOM'S policies to accurately record all time spent working by me for COMPUCOM, specifically including but not limited to time spent performing administrative duties and overtime, regardless of when those duties are performed. I further agree, acknowledge and confirm that I will accurately record all time actually worked by me for COMPUCOM from the effective date of the Settlement Agreement going forward. I further understand, acknowledge and confirm that my failure to abide by and follow COMPUCOM'S policies regarding the recording of all time spent working by me may subject me to counseling and discipline, up to and including termination.

7.     I further agree, acknowledge, and confirm that in the event any supervisor or manager gives me any instruction regarding the reporting of time worked that is inconsistent with CompuCom's policies as specified in Paragraph 6 herein, I will immediately report the matter to CompuCom management.

8.     I have fully read and fully understand the Settlement Agreement and this Affidavit, and have had the opportunity to consult with my attorney concerning the meaning, import, and legal significance of the Settlement Agreement and this Affidavit.

**[The remaining portion of this page is intentionally left blank]**

_Louis Tirado_ (signature)

Louis Tirado

SUBSCRIBED AND SWORN TO before me, the undersigned notary, on this 29th day of _____JULY_____, 2016, to which witness my hand and seal of office.

[X]   personally known to me;

[ ]   proved to me on the oath of _____ who is a credible witness personally known to me; or

[ ]   proved to me through the following current identification care or other document issued by the federal government or any state government containing the photograph and signature of the acknowledging person:

_Christy J Levin_ (signature)

Notary Public in and for the State of Ohio

NOTARIAL SEAL
STATE OF OHIO

CHRISTY J. LEVIN
NOTARY PUBLIC
FOR THE
STATE OF OHIO
My Commission Expires
January 25, 2021

# AFFIDAVIT OF RONALD CLARK

I, Ronald Clark, declare as follows:

1.    I am a citizen of the United States, and an adult over the age of twenty-one (21) years of age. I have never been convicted of a felony or a crime involving moral turpitude. I make this Affidavit of my own personal knowledge, and could and would testify competently to the matters set forth herein if called upon to do so.

2.    I, along with several other persons, brought a putative collective action lawsuit against CompuCom Systems, Inc. ("COMPUCOM") in a lawsuit styled, *Christopher Feamster, Robert Mihalic and Earl Jeansonne, individually and on behalf of all similarly situated individuals v. CompuCom Systems, Inc.*, Civil Action No. 7:15-cv-00564, in the Western District of Virginia (the "**Feamster Lawsuit**"), in which I asserted wage and hour claims against COMPUCOM arising out of my employment relationship with COMPUCOM.

3.    I was employed by and worked for COMPUCOM when the Feamster Lawsuit was filed, and I have continued to be employed by and work for COMPUCOM throughout the pendency of the Feamster Lawsuit.

4.    On July 29 2016, I entered into a Settlement and General Release Agreement (the "**Settlement Agreement**") with COMPUCOM. Under the terms of the Settlement Agreement, COMPUCOM paid me the sum of $13,491.71 for unpaid wages and liquidated damages in full satisfaction of my claims against COMPUCOM (the "**Settlement Payment**").

5.    I acknowledge, confirm and agree that the Settlement Payment represents and reflects payment in full for any unpaid wages and liquidated damages owed to me for all time worked by me on behalf of COMPUCOM up to and including July 29, 2016.

---

6.    I understand, acknowledge, and confirm that I am obligated by COMPUCOM'S policies to accurately record all time spent working by me for COMPUCOM, specifically including but not limited to time spent performing administrative duties and overtime, regardless of when those duties are performed. I further agree, acknowledge and confirm that I will accurately record all time actually worked by me for COMPUCOM from the effective date of the Settlement Agreement going forward. I further understand, acknowledge and confirm that my failure to abide by and follow COMPUCOM'S policies regarding the recording of all time spent working by me may subject me to counseling and discipline, up to and including termination.

7.    I further agree, acknowledge, and confirm that in the event any supervisor or manager gives me any instruction regarding the reporting of time worked that is inconsistent with CompuCom's policies as specified in Paragraph 6 herein, I will immediately report the matter to CompuCom management.

8.    I have fully read and fully understand the Settlement Agreement and this Affidavit, and have had the opportunity to consult with my attorney concerning the meaning, import, and legal significance of the Settlement Agreement and this Affidavit.

**[The remaining portion of this page is intentionally left blank]**

_Ronald Clark_ _(signature)_

Ronald Clark

SUBSCRIBED AND SWORN TO before me, the undersigned notary, on this 29 day of _____JULY_____, 2016, to which witness my hand and seal of office.

[ ] personally known to me;
[ ] proved to me on the oath of _____ who is a credible witness personally known to me; or
[X] proved to me through the following current identification care or other document issued by the federal government or any state government containing the photograph and signature of the acknowledging person: / TN, DRIVER LIC

_Gordan Weigle_ _(signature)_

Notary Public in and for the State of Tennessee

My Commission Expires
October 18, 2016

GORDON WEIGLE
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

---