CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER FEAMSTER, ROBERT MIHALIC, and EARL JEANSONNE, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> COMPUCOM SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 7:15-CV-00564 <br><br> **ORDER** <br><br> By: Hon. Glen E. Conrad <br> Chief United States District Judge |

On October 20, 2015, plaintiffs Christopher Feamster, Robert Mihalic, and Earl Jeansonne commenced the instant action, individually and on behalf of similarly situated individuals, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and state law. The matter is presently before the court on the parties' joint motion for approval of settlement. After "scrutinizing the settlement for fairness," the court determines that the settlement agreement represents "a fair and reasonable resolution of a bonafide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982).

First, the court finds that the agreement was reached after more than two months of vigorous negotiations between competent counsel, resulting in an arm's-length agreement between opposing parties who maintain that there is a genuine dispute as to the viability of plaintiffs' claims. Second, given the risks, uncertainties, and probable high costs of continued litigation, in light of the potential class certification and the defendant's continued denial of liability, the agreement represents a fair compromise to the dispute. Plaintiffs will receive a set

amount of overtime pay, in addition to liquidated damages. Moreover, stipulated attorneys' fees and litigation costs will be paid separately and directly to the plaintiffs' attorneys. Third, the measure of attorneys' fees is a "reasonable hourly rate multiplied by hours reasonably expended." Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008) (commonly referred to as the "lodestar amount"). The court believes the sum, to be paid separately from the awards to each individual plaintiff and separately of litigation costs already incurred, is sufficient to "induce capable attorneys to undertake the representation of a meritorious" action to vindicate plaintiffs' rights. Purdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010). Fourth, the court believes that the confidentiality provisions are not overly burdensome, and that the parties' public filing of the instant motion is consistent with the policy considerations necessitating public access to FLSA-related judicial documents. Finally, while "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement agreement is not to be blindly followed," the joint representation of counsel, after months of protracted negotiations, further attests to the fairness of the settlement. Saman v. LBDP, No. DKC 12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013). Accordingly, it is now

### ORDERED

that the parties' joint motion for approval of settlement is **GRANTED**. The court approves the settlement reached by the parties in this case, and this action shall be and hereby is dismissed with prejudice.

The Clerk is directed to strike this case from the active docket of the court. The Clerk is further directed to send certified copies of this order to all counsel of record.

ENTER: This 23rd day of September, 2016.

_____
Chief United States District Judge